## Thomas Cobb vs. Inhabitants of Standish.

Permitting a *woman* to drive a horse is not conclusive evidence of such want of ordinary care, as will excuse a town from their liability to pay for an injury sustained by the horse from defects in the highway.

Where an open and well beaten path led from the travelled part of the road to an apparently safe and convenient watering place, by the side of the way, and within the limits of the road as laid out, but which was in fact a deep and miry pit covered with water; and the horse of a traveller was turned to it to drink, and fell into it and was drowned; the town was held liable to pay for the horse, under the provisions of the *Rev. Stat. ch.* 118.

This was an action for an injury sustained by the plaintiff in the loss of a horse through a defect in a highway within the town of *Standish*, which the defendants were bound to keep in repair. A question of law was reserved for the opinion of the whole Court, and a motion for a new trial was made, because the verdict was against evidence, and the whole testimony was reported in full, from which such facts are gathered, as will present the question of law. The plaintiff's wife with a Mrs. *Drake* were passing from *Westbrook* through *Standish*, with the horse in a wagon, and when opposite the place where the horse was lost, they perceived by the side of the path an apparently suitable place to water the horse, and thinking it proper that he should there be permitted to drink, they unloosed the check-rein, and the horse walked quietly and gently down to the water upon a beaten path leading to it, and stepped one step into it. While drinking the horse took a second step, was thrown a little forward, and immediately settled down into the water, so that his body disappeared. Mrs. *Drake* soon obtained assistance but the horse died before he could be relieved. The place where the horse was lost was a deep mud hole, then filled with water, partly within and partly without the limits of the located highway, and to a common observer, had the appearance of being a convenient watering place for cattle and horses, and there was a well beaten path from the commonly travelled part of the highway down to the water. There was no fence, railing, or guard to give notice of danger. The usual travelled path in the centre of the road was well made, safe and convenient, and the loss of the horse was occasioned solely by turning him to the water for the purpose of drinking.

The counsel for the defendants objected, that trusting a horse to be driven by a *woman* was conclusive evidence of want of ordinary care, which would go to excuse the defendants. It was also objected, that as the person, who drove the horse, voluntarily turned aside from the travelled path, although for the purpose of watering the horse, and although the place had the appearance of being a safe and convenient watering place, the town was not liable to satisfy any loss occasioned thereby. The trial was before *Emery J.*, who overruled both objections, and instructed the jury, that they should determine upon the evidence, in connection with their knowledge of the common practice in the country of trusting women to drive horses, whether they were satisfied, that the plaintiff in thus trusting his wife with the care of his horse had conducted with that want of ordinary care, which would go to excuse the defendants; that if the accident happened without the bounds of the located road, or for want of ordinary care of the driver, the inhabitants of the town clearly would not be liable; but that if they were satisfied, that the horse first began to sink in the miry place within the bounds of the located road, by which accident he lost his life, though, in struggling to escape, his last breath might have been drawn in the part of the hole which might be out of the bounds of the located highway; and that the driver conducted with ordinary care and prudence; and that in consequence of the place being left unguarded within the bounds of the located road; and that the appearance, as a safe watering place, was calculated to deceive the traveller; then they would find a verdict for the plaintiff for the value of the horse.

The verdict was for the plaintiff, and was to be set aside, if the instructions were erroneous.

*Codman* and *S. Longfellow, jr.* for the defendants, contended — 1. That the plaintiff was wanting in that ordinary care, prudence, and discretion which should entitle him to recover. 2. That this accident happened from a cause for which the town was not liable. They cited *Mower* v. *Leicester,* 9 *Mass. R.* 247; *Rev. Stat. c.* 118, § 17; *Dane, c.* 79, *Art.* 3, § 12; *Estes* v. *Troy,* 5 *Greenl.* 368; *Todd* v. *Rome,* 2 *Greenl.* 55; *Rowell* v. *Montville,* 4 *Greenl.* 270; *Smith* v. *Smith,* 2 *Pick.* 621; *Thompson* v. *Bridgwater,* 7 *Pick.* 188; *Springer* v. *Bowdoinham,* 7 *Greenl.* 442;

*Farnum* v. *Concord,* 2 *N. H. Rep.* 392 ; *Carthew,* 191 ; *Hart* v. *Bassett, T. Jones,* 156 ; *Butterfield* v. *Forrester,* 11 *East,* 60 ; *Russell* v. *Devon,* 2 *T. R.* 667 ; and *Clark* v. *Commonwealth,* 4 *Pick.* 125.

*S. Fessenden* and *F. O. J. Smith,* argued for the plaintiff, and cited *Bigelow* v. *Weston,* 3 *Pick.* 627 ; and *Springer* v. *Bowdoinham,* and *Thompson* v. *Bridgwater,* before cited, in behalf of the defendants.

At a subsequent day, in the same term, the opinion of the Court was drawn up and delivered by

WESTON C. J. — There is no doubt but a woman may be permitted to drive a well broken horse, without any violation of common prudence. The character of the horse, and the capacity of the driver, were left to the jury, with proper directions upon this point.

The travelled part of the road was of sufficient width, and well made, for ordinary accommodation. But a portion of the space, in which the public have an easement, was unsafe ; and the danger being concealed, was calculated to deceive and entrap a traveller. Towns are not obliged to provide watering places, for the public convenience ; but when they are provided by nature in the highway, they ought not to be suffered to become pitfalls, first to allure and then to destroy horses or other animals, turned aside to partake the refreshment, to which they are thus invited. A traveller, aware of the snare, might have escaped it, but there was nothing provided to point out or indicate the danger. The road was so far from being safe, that a trap was suffered to remain within its limits, into which, it ought to have been foreseen, that animals, attracted by the water, might fall. The jury have found, that there was no want of ordinary care ; and we perceive nothing erroneous in the instructions they received from the Judge.

*Judgment on the verdict.*